UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:18-CR-00067-01** |
| **VERSUS** | **JUDGE DRELL** |
| **JACOB GLEN COLLETT (01)** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

Before the Court is a *pro se* motion in which the defendant, Jacob Collett seeks to file an out of time appeal. (Rec. Doc. 39). The Government filed a response. (Rec. Doc. 45). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

Defendant pled guilty to Count 1 of Conspiracy to Possess with Intent to Distribute a Controlled Substance and Count 2 of Possession of Firearm and Ammunition by a Prohibited Person. (Rec. Doc. 19). On August 13, 2018, the Court sentenced him to 151 months imprisonment on Count 1, and 120 months imprisonment on Count 2, with credit for time served, to run concurrently, to be followed by a period of supervised release and special assessment. (Rec. Doc. 34). He was represented during these proceedings by retained counsel, James K. Piccione. Mr. Piccione withdrew on August 5, 2019. (Rec. Doc. 43-44).

On February 7, 2019, before Mr. Piccione withdrew, Defendant, proceeding *pro se*, filed an unentitled motion requesting permission for an "out of time appeal." (Rec. Doc. 39). Defendant asserted that following his sentencing on August 13, 2018, he attempted to contact Mr. Piccione with phone calls and letters, but that he was unable to make contact. He further expressed his dissatisfaction with Mr. Piccione's representation. The Government filed a Response in Opposition to Defendant's Motion in which it argued that the Court lacks authority to grant an out of time appeal filed over 44 days after the sentencing. The Government did not address Defendant's apparent ineffective assistance of counsel claims.

The failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir.2007). See also *United States v. Rivas*, 450 Fed.Appx. 420 (5th Cir.2011) (wherein the court held that defense counsel's failure to inform the defendant of appeal procedure or time limits for appeal and failure to timely respond to the defendant's communications regarding appeal, under the particular facts of that case, constituted ineffective assistance of counsel). It is unclear whether Defendant ever instructed Mr. Piccione to file a notice of appeal. Further, Mr. Piccione should be given the opportunity to respond to Defendant's claims. Therefore, having reviewed Defendant's Motion and the Government's Response, the Court finds that the parties have not submitted

sufficient information to enable the Court to rule on Defendant's Motion. Accordingly,

IT IS ORDERED that counsel be appointed to represent Defendant regarding his Motion for Out of Time Appeal. Appointed counsel shall then contact counsel for the Government, Mr. Piccione, and the Court to set a hearing on Defendant's Motion, at which Mr. Piccione shall appear to address Defendant's contentions.

THUS DONE in Chambers, Lafayette, Louisiana on this 18th day of September, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE