UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 18-cr-067-01-01 |
| -vs- | JUDGE DRELL |
| JACOB GLEN COLLETT (01) | MAGISTRATE JUDGE PATRICK J. HANNA |

## RULING AND ORDER

Before the Court is a motion to file an out of time appeal, (Doc. 39), and a motion to modify sentence pursuant to 28 § U.S.C. § 2255, (Doc. 75), filed by defendant Jacob Glen Collett ("Defendant" or "Collett"). For the following reasons, both motions are **DENIED**.

I.  BACKGROUND

Collett is seeking to run his federal sentence concurrently with a state imposed sentence. In his motions he claims ineffective assistance of counsel by retained counsel James K. Piccione ("Piccione") for failing to make such a request during sentencing. After sentencing, no notice of appeal was filed. Collet's first motion is to file an out of time appeal and the appointment of new counsel. (Doc. 39). Piccione withdrew from his representation after the filing of the motion. Magistrate Judge Hanna found that Collett submitted insufficient information to enable the Court to rule on the motion to file an out of time appeal but granted the motion to appoint new counsel. (Doc. 48). Federal Public Defender Wayne Blanchard ("Blanchard") then enrolled as counsel and filed a memorandum supporting the motion. (Doc. 74).

1

Blanchard's memorandum suggested that the Court should construe the motion to file an out of time appeal as a motion in *habeas corpus* claiming ineffective assistance of counsel. Id. Shortly thereafter, Collett filed such a motion. (Doc. 75). In addition to this, Collett also seeks credit for approximately ten months during which he was held in federal custody pending finality on the federal claims and a downward departure for substantial assistance.

II. LAW

A collateral challenge may not do as a substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982). After conviction and exhaustion or waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. See United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991), cert. den., 502 U.S. 1076 (1992). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause [for the procedural default] and actual prejudice or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622, (1998) (internal citations omitted). A claim may not be reviewed under § 2255 absent a showing of cause and prejudice or actual innocence. United States v. Cooper, 548 F. App'x 114, 116 (5th Cir. 2013); United States v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991).

Claims of ineffective assistance of counsel, if substantiated, may satisfy the cause and prejudice standard. United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995). In a motion to vacate sentence for ineffective assistance of counsel, the

defendant has the burden of proof. See <u>United States v. Chavez</u>, 193 F.3d 375, 378 (5th Cir. 1999) (citing <u>Clark v. Collins</u>, 19 F.3d 959, 964 (5th Cir. 1994), cert. den., 513 U.S. 966 (1994)). To prevail on his motion, Collett must satisfy the two-pronged test set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984): (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. The Strickland standard applies to claims of ineffective assistance by both trial and appellate counsel. See <u>Goodwin v. Johnson</u>, 132 F.3d 162, 170 (5th Cir. 1997) (citing <u>United States v. Merida</u>, 985 F.2d 198, 202 (5th Cir.1993)).

### III. ANALYSIS

#### A. Concurrent or Consecutive Nature of State and Federal Charges

Whether Piccione's performance as Collettt's attorney was deficient is immaterial because we find that Collett suffered no prejudice. Collett claims that he is serving a state sentence arising out of the very same offense for which he was convicted and sentenced here. Collett argues that because the offense is the same Piccione should have requested (and Collett could have received) that his federal sentence be served concurrently with his state sentence. In Blanchard's supporting memorandum, Blanchard argues, without citing to any specific docket number, that Collett was sentenced to a substantial term of imprisonment from a state court conviction in Jefferson Davis Parish.

After reviewing the state criminal proceedings against Collett, we disagree that he is entitled to releif. Collett is serving a ten year term of imprisonment after

3

pleading guilty to a state charge of attempted armed robbery, designated as a crime of violence, from court proceedings in Lafayette Parish, 15th Judicial District Court Docket No. 2016-CR-156485. That criminal offense preceded and is entirely unrelated to the criminal offense underlying the Federal charge against Collett. The Federal instead is related to state charges in Lafayette Parish, 15th Judicial District Court Docket No. 2017-CR-161717 (dismissed), and Jefferson Davis Parish, 31st Judicial District Court Docket No. CR-746-17 (*nolle prosequi* entered). In both cases those charges, as noted, were dropped.

If Piccione had moved for concurrent sentences, in our sound discretion, we would have denied the motion. To have granted it would undoubtedly and unequivocally have created an unwarranted sentencing disparity between the sentences Collett would serve and the sentences imposed upon and served by other similarly situated criminal defendants. 18 U.S.C. § 3553(a)(6). Thus, Piccione's allegedly deficient failure to ask for concurrent sentences would be for naught in any event, and Collett experienced no prejudice resulting from Piccione's alleged ineffective assistance. In further support, we also note that even after imposition of a sentence, a federal judge has authority to clarify whether the court did or did not intend to run such a sentence concurrently or consecutively. Fed. Rules Cr. Proc. Rule 36; United States v. McAfee, 832 F.2d 944, 946 (5th Cir. 1987) ("The district court's order clarifying its intention to impose consecutive sentences does not constitute a new sentence that increased McAfee's punishment. Thus, no Fifth

4

Amendment violation occurred.") Here, we still would not have run the sentences of these disparate convictions concurrently in any event.

### B. Remaining Concerns

In addition, Collett seeks credit from the Federal Bureau of Prisons for approximately ten months during which he was held in federal custody pending finality on the federal claims. That decision will likely be made by the Bureau of Prisons once Collett completes his state sentence and reenters federal custody to serve the federal sentence imposed. His request for credit is thus premature and outside of this Court's purview to act. United States v. Wilson, 112 S.Ct. 1351 (1992); United States v. Caraveo-Nunez, 992 F.2d 323 (5th Cir. 1993) ("[I]n accordance with Wilson [112 S.Ct. 1351], ... the district court was without authority to award the defendant credit for time served, and thus correctly refused [defendant]'s entreaty to do so.].

Collett also now seeks a sentencing downward departure for substantial assistance. According to the United States Sentencing Commission Guidelines Manual, a Sentencing Guideline 5K1.1 motion for downward departure subject to substantial assistance is "[u]pon the motion of the government." Otherwise, Congress has not vested the judiciary with the power to reduce *sua sponte* a sentence for substantial assistance. Nor has Congress vested the judiciary with the power to compel the government to move pursuant to Sentencing Guideline 5K1.1 or hold a hearing as to whether the government should move pursuant to Sentencing Guideline 5K1.1. The same guidance is in place regarding Federal Rule of Criminal Procedure

Rule 35. In short, these motions are within the discretion of the government to act and the Court has no authority to do so.

Finally and specifically regarding the motion for an out of time appeal, relief is barred by virtue of the government's opposition to such relief. (Doc. 45). Federal Rules of Appellate Procedure Rule 4(b)'s deadlines in criminal cases are non-jurisdictional claim processing rules that may be waived. United States v. Martinez, 496 F.3d 387, 388 (5th Cir. 2007) (citing Bowles v. Russell, 551 U.S. 205, 212 (2007)). Nonetheless, if the government objects to an out of time appeal motion as untimely, then the prohibition is mandatory and may not be disregarded. See United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006); accord United States v. Frias, 521 F.3d 229, 234 (2nd Cir. 2008) ("When the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible").

## IV. CONCLUSION

For the forgoing reasons, Collett's motion for an out of time appeal, (Doc. 39), and his motion for modification of sentence, (Doc. 75), are **DENIED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana this 4 day of February, 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT